```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                     FORT MYERS DIVISION
```

ATLANTIC SPECIALTY INSURANCE COMPANY,

        Plaintiff,

    v.                              Case No.:   2:25-cv-00606-JES-NPM

BRIAN PEACHEY, BRAVO WHISKEY PAPA AIR, LLC, BWP HOLDINGS GROUP, LLC,

        Defendants,

## OPINION AND ORDER

This matter comes before the Court on review of Atlantic Specialty Insurance Company's (Atlantic) motion for preliminary injunction (Doc. #15) filed on August 18, 2025. Atlantic seeks: (1) collateral security in the amount of $650,000.00 cash, (2) freezing of Defendants' assets until collateral security is posted, and (3) full access to Defendants' book and records. (Id. at p. 19.) Atlantic says it is entitled to this relief because of an indemnity agreement executed between it and two of the three Defendants.[1]

---

[1] The indemnity agreement was executed by Defendant Brian Peachey, Defendant BWP Holdings Group LLC, and non-party Florida Structural Group, Inc. (FSG). (Doc. #15-1, p. 2.) Atlantic asserts FSG recently filed for bankruptcy and that it "does not seek relief as to FSG in this proceeding." (Doc. #15, n. 1.) Atlantic asserts that Defendant Bravo Whiskey Papa Air, LLC, despite not being a signatory to the indemnity agreement, is nonetheless still subject to it because Mr. Peachey is a listed manager and the indemnity

Maybe so but the current motion is devoid of two initial requirements. First, it fails to give "a precise and verified explanation of the amount and form of the required security," as required by the Local Rules. M.D. Fla. R. 6.01(4). See also Fed. R. Civ. P. 65(c)("The court may issue a preliminary injunction . . . only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."). Second, "for a preliminary injunction to issue, the nonmoving party must have notice and an opportunity to present its opposition to the injunction." Four Seasons Hotels And Resorts, B.V. v. Consorcio Barr, S.A., 320 F.3d 1205, 1210 (11th Cir. 2003)(citing Fed. R. Civ. P. 65(a)(1)). Nothing indicates Defendants have had notice of Atlantic's motion. Atlantic did "file[] the [motion] with the Court's CM/ECF system which . . . provide[s] service via electronic mail to all registered participants listed on this 18th day of August 2025," (Doc. #15, p. 21), but no one for the Defendants is registered, meaning the motion was essentially served on no one. The Court finds notice insufficient.

Accordingly, it is now

---

agreement bounds all entities related to the signatories, even if the entity was created after the agreement was executed. (Id. at p. 10.)

**ORDERED:**

Atlantic Specialty Insurance Company's motion for preliminary injunction (Doc. #15) is **DENIED without prejudice.**

**DONE AND ORDERED** at Fort Myers, Florida, this __20th__ day of August 2025.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE