```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

ATLANTIC SPECIALTY INSURANCE
COMPANY,

        Plaintiff,

   v.                                 Case No.:  2:25-cv-00606-JES-NPM

BRIAN PEACHEY, BRAVO WHISKEY
PAPA AIR, LLC, and BWP HOLDINGS
GROUP, LLC,

        Defendants,

                           **OPINION AND ORDER**

This matter comes before the Court on review of Atlantic Specialty Insurance Company's (Atlantic) motion for Order of Specific Performance Compelling Deposit of Collateral Security and Turnover of Books and Records (Doc. #26) filed on October 9, 2025. Atlantic recently sought the same relief, but through a preliminary injunction motion. (See Doc. #15.) That motion was denied without prejudice, partly because Atlantic failed to discuss the amount and form of the required security, as mandated by the Court's Local Rules and the Federal Rules of Civil Procedure. (Doc. #17)(citing M.D. Fla. R. 6.01(4); Fed. R. Civ. P. 65(c)).

Nothing of substance has occurred since, except for the filing of Defendants' Answer, which opposes all of Atlantic's requested relief. (Doc. #22.) Nonetheless, Atlantic now moves for

a "permanent injunction," which it asserts "is warranted as Atlantic has established (1) a clear legal right, (2) an inadequate remedy at law, and (3) irreparable harm absent injunctive relief." (Doc. #26, p. 19)(citations omitted). Atlantic, without citation to any authority, contends an explanation of security "is inapplicable to the present motion," (id. at p. 19), and the motion is indeed devoid of any such discussion.

Atlantic's present motion fails for at least two reasons. First, it relies on and discusses the wrong standard. See eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006)("According to well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief."). Second, it is premature. See Univ. of Texas v. Camenisch, 451 U.S. 390, 396 (1981)(explaining that a permanent injunction occurs when "parties [have] already had their trial on the merits," in contrast to a preliminary injunction); see also AcryliCon USA, LLC v. Silikal GMBH & Co., 46 F.4th 1317, 1324 (11th Cir. 2022)(explaining that an injunction issued by a district court before a final judgment is a preliminary injunction, regardless of how the parties style it).

Accordingly, it is hereby

**ORDERED:**

1. Atlantic's motion (Doc. #26) is **DENIED WITHOUT PREJUDICE.**

**DONE and ORDERED** at Fort Myers, Florida, this __14th__ day of October 2025.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE